UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  10-23931-CIV-MARTINEZ-MCALILEY

MARIA DEL CARMEN CARVAJAL,

    Plaintiff,

vs.

WALGREEN CO.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE ALLEGATIONS IN COUNT I AND TO DISMISS COUNT II

THIS CAUSE came before the Court upon Defendant, Walgreen Co.'s Motion to Strike Allegations Contained in Count I, and to Dismiss Count II of Plaintiff's Amended Complaint (D.E. No. 36).  Plaintiff Maria Del Carmen Carvajal ("Plaintiff") has filed a negligence action against Defendant Walgreen Company ("Defendant") after she was injured in one of Defendant's stores.  After careful consideration and for the reasons set forth below, the Court grants in part and denies in part Defendant's motion.

### I.  Background

Plaintiff originally filed this action in state court, and Defendant removed the action to this Court based on diversity jurisdiction.  After review of Plaintiff's complaint, the Court required Plaintiff to file a more definite statement of her claim because it was unclear to the Court if "Plaintiff . . . [was asserting] a theory of negligence, a theory of negligent mode of operation or both."  (D.E. No. 31 at 2).  The Court also stated in this Order that the "time to file an amended complaint has passed.  Thus, in filing an amended complaint, Plaintiff may not add

new claims or join any new parties." *Id*. Plaintiff has now filed an Amended Complaint, which contains two counts.

In Count I, Plaintiff alleges an ordinary negligence claim.  Specifically, Plaintiff alleges that on or about December 22, 2009 she was a customer at Defendant's store located at 3595 SW 22nd Street in Miami-Dade County, Florida.  (D.E. No. 33, Amended Compl. at ¶¶ 3-4).  She states that the acting manager of the store, while acting within the course and scope of his employment with Defendant, "was negligently carrying . . . [a] ladder so that . . . he was pulling the same, while walking backwards, and not paying sufficient attention to his surroundings so that he did not see the Plaintiff, and he struck the Plaintiff with the ladder." *Id*. at ¶¶ 6, 7, & 9. Plaintiff alleges that as a "direct, proximate and reasonably foreseeable result of the negligence of the Defendant" Plaintiff was injured and has suffered certain losses. *Id*. at ¶ 11.

In this claim, Plaintiff also includes a number of new allegations, which allege spoliation of evidence.  Specifically, Plaintiff states:

> 8. At that time and place, the employee who struck the Plaintiff with the ladder was the assistant manager of the subject store, and since the manager of the store was not present was the acting manager of the store.
>
> 9. As the acting manager of the store, the subject Walgreen's employee had a duty to preserve evidence regarding the incident and to report the incident properly so that evidence could be obtained and retained.  Specifically, the acting manager had a duty to report the incident to the insurance adjusting agency, to the actual store manager, and had a duty to preserve any and all videotape evidence.
>
> 10. The defendant's employee breached its duties and negligently or intentionally spoiled the evidence by failing to notify the insurance adjusting agency of the incident and to the actual store manager, by failing to preserve any videotape or even look for the videotape before it was destroyed, by failing to obtain the name or address of any eye witnesses to the incident and by failing to timely disclose to the appropriate personnel that the incident occurred at all.

*Id*. at ¶¶ 8-10.

    In Count II, Plaintiff alleges negligent mode of operation stating that

> the Defendant allowed its employee to move a 12 foot aluminum ladder in a manner and operation that was inherently dangerous and/or the particular operation was being conducted in a negligent manner in that the employee was moving, without any assistance or supervision, the ladder which created a dangerous and negligent method of operation.

Id. at ¶ 14.  Plaintiff again alleges that as "a direct, proximate and reasonably foreseeable result" of this negligence she was injured and has suffered certain losses.  Id. at ¶ 15.

## II.  Analysis

    Defendant moves to strike the allegations in Count I relating to spoliation of evidence and to dismiss Count II of Plaintiff's Amended Complaint.  The Court grants this motion in that the court dismisses any claims based on spoliation of evidence and dismisses Plaintiff's negligent mode of operation claims.  The motion is denied in all other respects.

    First, Defendant has moved to strike the allegations in Count I relating to spoliation of evidence, arguing that Plaintiff has attempted to add a new claim in violation of the Court's previous order and that Plaintiff cannot state a claim for spoliation of evidence.  First, Plaintiff has certainly attempted to add new allegations.  It is not clear if Plaintiff was attempting to state a new claim, which the Court clearly prohibited.  Even if Plaintiff were attempting to state a claim for spoliation of evidence, she has not done so and appears to concede that she cannot state such a claim.  *See* (D.E. No. 49 at 4); *see also Martino v. Wal-Mart Stores, Inc.*, 908 So. 2d 342, 347 (Fla. 2005) (finding that there is no first-party[1] spoliation of evidence cause of action cognizable

---

[1]The Florida Supreme Court has stated:
First-party spoliation claims are claims in which the defendant who allegedly lost, misplaced, or destroyed the evidence was also a tortfeasor in causing the plaintiff's

under Florida law; rather, the appropriate remedy is to seek discovery sanctions or the application of a presumption of negligence for the underlying tort). Thus, to the extent Plaintiff was attempting to state a new claim for spoliation of evidence, this claim is dismissed. The Court, however, does not strike these allegations as it cannot find that these allegations are "redundant, immaterial, impertinent or scandalous."[2] *See* Fed. R. Civ. P. 12(f).

Next, Defendant argues that Plaintiff's claim in Count II for negligent mode of operation should be dismissed for failure to state a claim on which relief may be granted. This Court agrees. The Florida Supreme Court has stated that the negligent mode of operation "rule looks to a business's choice of a particular mode of operation and not events surrounding the plaintiff's accident." *Markowitz v. Helen Homes of Kendall Corp.*, 826 So. 2d 256, 260 (Fla. 2002) (internal quotation marks omitted). "Thus, the basis for the negligent mode of operation theory is the claim that the specific mode of operation selected by the premises owner or operator resulted in the creation of a dangerous or unsafe condition." *Markowitz*, 826 So. 2d at 260; *see also Etheredge v. Walt Disney World Co.*, 999 So. 2d 669, 672 (Fla. 5th DCA 2009) (stating that "[t]he negligent mode of operation theory relied upon by Plaintiffs is based upon active negligence on the part of a premises owner in the way that owner keeps its premises or conducts

---

> injuries or damages. These actions are contrasted with third-party spoliation claims, which occur when a person or an entity, though not a party to the underlying action causing the plaintiff's injuries or damages, lost, misplaced, or destroyed evidence critical to that action.

*Martino*, 908 So. 2d at 345 n.2. In this case, Plaintiff states a first-party spoliation claim. *See* (D.E. No. 33, Amended Compl. at ¶¶ 8-10).

[2] At this time, no motions to impose a discovery sanction have been filed nor have any other motions relating to this issue been filed with the Court. The Court is not ruling on the merits of any such motions relating to these issues. The Court simply declines to strike these allegations as they could be relevant to this action.

its business and how that mode of operation affects its customers."). Here, Plaintiff has not identified any specific negligent mode of operation instituted by Defendant. Plaintiff has instead focused on the facts of this case to plead her claim, stating that Defendant allowed its employee to move a ladder by himself. Plaintiff has not alleged that Defendant had a specific policy or rule in place. Plaintiff's allegations are insufficient to state a claim for negligent mode of operation. Thus, the Court dismisses this claim. Accordingly, it is hereby:

**ORDERED AND ADJUDGED** that

Defendant, Walgreen Co.'s Motion to Strike Allegations Contained in Count I, and to Dismiss Count II of Plaintiff's Amended Complaint (D.E. No. 36) is **GRANTED in part** and **DENIED in part**. The Court grants this motion in that the court dismisses any claims based on spoliation of evidence and dismisses Plaintiff's negligent mode of operation claims. The motion is denied in all other respects. Plaintiff's ordinary negligence claim shall proceed.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of June, 2011.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge McAliley
All Counsel of Record